# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| Pedro Garcia, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| v. ) | |
| ) | |
| Gulshan Kumar, and ) | |
| Jai Mata 2, Inc., ) | |
| ) | |
| Defendant, ) | |

## COMPLAINT

Plaintiff Pedro Garcia files this Complaint against Jai Mata 2, Inc. and Gulshan Kumar for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* to recover unpaid wages, liquidated damages, costs, litigation expenses, and attorneys' fees.

Plaintiff alleges as follows:

## PARTIES

1. Plaintiff is a resident of Tennessee in this judicial district and division.

2. Jai Mata 2, Inc. ("Jai Mata 2") is a corporation with its principal place of business at 116 21st Avenue North, Nashville, TN 37203.

3. At all times throughout the relevant period, Jai Mata 2 operated and transacted business as the Sitar Indian Cuisine restaurant located at 200 Market Street, Suite A, Chattanooga, TN 37402.

4. At all times throughout the relevant period, Gulshan Kumar has been the owner, manager, and/or officer of Sitar Indian Cuisine.

5. Gulshan Kumar is resident of Tennessee in this judicial district and division.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7. Venue properly lies in this district pursuant to 28 U.S.C. § 1391. Jai Mata 2 and Gulshan Kumar transact business in this judicial district, and a substantial portion of the events giving rise to the claims herein occurred in this judicial district.

## FACTS

8. The relevant period for damages is three years prior to the filing of this Compliant, January 11, 2014 through January 11, 2017.

9. At all times throughout the relevant period, Plaintiff was an "employee" of Jai Mata 2 and Gulshan Kumar and covered under the FLSA, 29 U.S.C. §§ 201 *et seq*.

10. At all times throughout the relevant period, Jai Mata 2 and Gulshan Kumar were the "employer" of the Plaintiff.

11. At all times throughout the relevant period, Jai Mata 2 and Gulshan Kumar were Plaintiff's employers engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

12. At all times throughout the relevant period, Jai Mata 2 and Gulshan Kumar had multiple employees, including the Plaintiff, handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

13. At all times throughout the relevant period, Jai Mata 2 and Gulshan Kumar were an enterprise with annual gross volume of sales made or business done of not less than $500,000.

14. At all times throughout the relevant period, Gulshan Kumar as an owner, manager, and/or officer of Sitar Indian Cuisine, had control and direction over workplace conditions, operations, personnel, and compensation at the Sitar Indian Cuisine restaurant where Plaintiff worked.

15. At all times throughout the relevant period, Gulshan Kumar, as an owner, manager, and/or officer of Sitar Indian Cuisine restaurant, made the decisions to withhold overtime and other pay in violation of the FLSA.

16. Gulsham Kumar acted on behalf of Sitar Indian Cuisine restaurant by paying Plaintiff in cash for the purpose of concealing the employment of Plaintiff and amounts paid to Plaintiff.

17. At all times throughout the relevant period, Defendants Jai Mata 2 and Gulshan Kumar owned and operated the Sitar Indian Cuisine restaurant.

18. At all times throughout the relevant period until December 11, 2016, Defendants employed Plaintiff at Sitar Indian Cuisine restaurant as a kitchen helper.

19. At all times throughout the relevant period, Plaintiff was a non-exempt, hourly employee for Sitar Indian Cuisine restaurant.

20. Plaintiff was paid on a salary basis.

21. Plaintiff worked in excess of forty hours per workweek.

22. Defendants Jai Mata 2 and Gulshan Kumar maintained records of those hours that Plaintiff worked at Sitar Indian Cuisine restaurant.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS
## OVERTIME

23. Plaintiff repeats and realleges each paragraph above as though it were fully set forth at length herein.

24. At all times throughout the relevant period, Jai Mata 2 and Gulshan Kumar had a uniform policy and practice of willfully refusing to pay Plaintiff overtime compensation for all hours worked in excess of forty hours per workweek.

25. Jai Mata 2 and Gulshan Kumar refused to pay Plaintiff at a rate that was at least one and one-half times the regular rate of pay for work performed in excess of forty hours per workweek.

26. Jai Mata 2 and Gulshan Kumar's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

27. Due to Jai Mata 2 and Gulshan Kumar's FLSA overtime violations, Plaintiff was damaged and is entitled to recover from Defendants compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, and costs and expenses of this action, pursuant to 29 U.S.C. § 216(b).

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this Court grant the following relief against Jai Mata 2 and Gulshan Kumar:

A. An award of compensation for unpaid overtime to Plaintiff;

B. An award of liquidated damages for willful failure to pay overtime compensation;

C. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff; and

D. Such other and further relief as this Court deems just and proper.

This 11th day of January, 2017.

**HALL & LAMPROS, LLP**

/s/ *Andrew Lampros*
Andrew Lampros
Tenn. BPR # 020167
Christopher B. Hall
Georgia Bar No. 318380
1230 Peachtree St. N.E.
Suite 950
Atlanta, GA 30309
(404) 876-8100 telephone

(404) 876-3477 facsimile
alampros@hallandlampros.com
chall@hallandlampros.com

Plaintiff's counsel certifies that this complaint is in 14 point Times New Roman font.